UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT KANAM,

                    Plaintiff,

        v.

JOSHUA C. LEWIS and REGGIE
WALTON,

                    Defendants.

CASE NO. C26-5303 BHS

ORDER

THIS MATTER is before the Court on its own motion. Pro se plaintiff Kurt Kanam filed this action March 25, 2026, seeking a declaration that "*Kanam v All active Parties of US v. Washington* No 3:12-cv-1690 is a properly filed valid registered foreign judgment per 28 U.S. Code § 1963." Dkt. 1 at 4. He asserts that "Judge Reggie Walton in *Kanam v. Haaland* No 22-cv-03183 RBW stated that it was *not* a properly filed valid registered foreign judgment." *Id.* (emphasis added).

Kanam obtained summonses the following day, Dkt. 4, and filed an amended complaint on April 6. Dkt. 5. He apparently obtained summonses again, Dkts. 7, 8, 10, and 11, and filed an affidavit attesting that he "mailed" summonses (and subpoenas, but

ORDER - 1

not a complaint) to the defendants and to the U.S. Attorney's office in Washington, D.C. Dkt. 12.

Kanam has since purported to file (without leave of court) a second amended complaint, asking this Court to declare that Judge Walton's "judgment of *Kanam v. Haaland* No. 22-cv-03183-RBW is void per PR 60(b)." Dkt. 16 at 4. Kanam has not obtained summonses and has not purported to serve this complaint.

There are numerous deficiencies in Kanam's filings.

First, none of his three complaints facially make sense. The "foreign judgment" that he asks this Court to recognize is not included or even identified, and the Court cannot ascertain what it does or does not do. Where was it entered? When? What does it say? Kanam has not yet stated a plausible claim for recognition of a vaguely-referenced judgment without any context.

If and to the extent Kanam contends he obtained some sort of judgment establishing his rights against "all parties in *U.S. v. Washington*," 384 F.Supp. 312 (W.D. Wash 1974), the landmark Puget Sound fishing rights case—the Court is more than a little skeptical. Those parties are tribes that enjoy and almost uniformly assert sovereign immunity from such cases, and it is difficult to imagine a binding judgment about that subject matter that was not rendered in connection with that ongoing, "comprehensive and complex" case.

Second, it does not appear that any version of Kanam's complaint has been properly served on any defendant under Federal Rule of Civil Procedure 4(i), and the time for doing so has expired under Rule 4(m).

ORDER - 2

Third, to the extent Kanam asks this Court to determine that Judge Walton's order apparently rejecting his prior effort with respect to his foreign judgment is "void," the Court cannot do so. A Rule 60 motion is properly directed to the Court that entered the subject judgment, in the case where it was entered. An appeal of such a judgment is properly directed to the appropriate court of appeals. This Court does not have jurisdiction to reverse, undo, or over-rule whatever judgment Judge Walton entered, wherever he entered it.

Kanam is therefore **ORDERED** to **SHOW CAUSE** in writing why this matter should not be dismissed for lack of service under Rule 4(m), and for failure to state a plausible claim for which relief may be granted under Rule 12(b)(6).

He should do so within **21 days,** or this matter will be dismissed without further notice.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3