UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT KANAM,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA C. LEWIS and REGGIE WALTON,<br><br>Defendants. | CASE NO. C26-5303 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Kurt Kanam's response, Dkt. 18, to the Court's order to show cause why this matter should not be dismissed for failure to state a plausible claim and for lack of proper service, Dkt. 17.

Kanam's response confirms that his goal in this case is to "determine that *Kanam v All Active Parties of US v Washington No 3:12-5019* is a properly registered foreign judgment meeting the definition of a US Court per the Federally Recognized Indian Tribe List Act of 1994 (25 U.S.C. 5130)." Dkt. 18 at 1. Kanam confirms that he asks the Court to reverse or overrule or "void" a prior judgment that rejected a similar claim rendered by "the Office of Mr. Walton" (presumably referring to Senior United States District Court

Judge Reggie Walton of the District of Columbia). *See Kanam v Haaland*, No. 22-cv-3183RDM[1] (D.D.C. March 21, 2024), Dkt. 18.

As the Court's prior Order explained, this Court cannot do what Kanam asks. The proper course is or was to appeal the judgment—which it appears Kanam has done. *See id.*, Dkt. 19. The Court of Appeals for the District of Columbia Circuit affirmed the dismissal in November 2024:

> Appellants again assert that the Pilchuck Nation has been recognized "by a decision of a United States court" within the meaning of a congressional finding in the Federally Recognized Indian Tribe List Act of 1994, Pub. L. No. 103-454, § 103(3), 108 Stat. 4791, 4791. However, they have not demonstrated that a tribal court judgment constitutes a "decision of a United States court," have not explained "how a congressional finding in the List Act – describing how tribes previously were recognized – could impose any mandatory duty on" appellees, and have not shown that the District Court for the Western District of Washington "adjudicate[d] the status of the Pilchuck Nation or act[ed] on the tribal court judgment in any way." *Kanam*, 2023 WL 3063526, at *1.

*Id.*, Dkt. 29.

Indeed, Kanam is continuing to litigate this issue in the District of Columbia, having filed a motion for relief from judgment there on July 21, 2026. *See id.*, Dkt. 52. The issues resolved in that case cannot be reversed or "voided" in this one.

Nor does Kanam's response address his failure to serve any defendant; instead, he contends he "believes he effected service in this matter" and is "not aware of any service that is outstanding." Dkt. 18 at 1–2. This does not establish that any defendant was properly served.

---

[1] Judge Walton recused himself from the case in June. *See* Dkt. 49 in that case.

Kanam has not and cannot state a plausible claim for relief and he has not timely effected service or shown good cause for his failure to do so. This matter is therefore **DISMISSED**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 13th day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge